IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LEONARD R. CANADAY, JR., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | Case No. 4:13-CV-324 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| *Defendant.* | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER ABATING PRETRIAL DEADLINES

Now before the Court is Defendant Wells Fargo Bank, N.A's Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. 8). As set forth below, the Court finds that the motion should be GRANTED and this matter should be dismissed for failure to state a claim.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This matter arises from Plaintiff's purchase of real property located at 502 Stonehedge Drive, Wylie, Collin County, Texas 75098 ("the Property"). On or about June 2, 2004, Canaday simultaneously executed a deed of trust ("the Deed of Trust") and promissory note ("the Note") in favor of the original lender WR Starkey Mortgage, LLP ("the Original Lender") in order to acquire the Property. Dkt. 4 at ¶ 5-6. As alleged in Plaintiff's petition, the Deed of Trust identified Mortgage Electronic Registration Systems, Inc. ("MERS") as the Deed of Trust's beneficiary. *Id.* at ¶ 7.

On or about July, 6, 2011, according to Plaintiff, MERS executed an assignment of the Deed of Trust to Wells Fargo. *Id.* at ¶ 8. According to Defendant, Plaintiff's loan was in default as of 2012. *See* Dkt. 8 at ¶ 5. Wells Fargo initiated foreclosure proceedings and set the Property for non-judicial foreclosure sale on June 4, 2013. Dkt. 4 ¶ 12.

On May 30, 2013, Plaintiff filled his Petition in Collin County District Court, seeking injunctive and declaratory relief. Plaintiff alleges in his Petition that, although MERS was identified as a beneficiary of the Deed of Trust, the Note did not identify MERS as a payee. Dkt. 4 ¶¶ 6-7. Plaintiff further claims that the "execution of the assignment ... never conferred to [Wells Fargo] status as holder of the Canaday Note." *Id.* at ¶ 9. Plaintiff argues that, because his loan was securitized, stripped from the original Note, and sold to investors, Wells Fargo did not have the power, authority, capacity, or standing to invoke the power of sale under the Deed of Trust alone. *Id.* at ¶¶ 10-12. Plaintiff seeks a declaratory judgment from this Court of the rights, status, and legal relationships conferred under the Deed of Trust and the rights with which Wells Fargo is vested. *Id.* at ¶ 15.

On June 11, 2013, Wells Fargo answered, and, on June 12, 2013, Wells Fargo removed the matter to this Court. Dkt. 1. Defendant filed its motion to dismiss on August 12, 2013. In its motion, Defendant argues that the Deed of Trust and public records authorize the foreclosure and that Plaintiff has no standing to challenge the assignment of the Deed of Trust to Wells Fargo.

Plaintiff has filed a response in opposition. The Court addresses the arguments raised by the parties below.

**STANDARD FOR MOTION TO DISMISS**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

**ANALYSIS**

The Court has reviewed Defendant's motion and Plaintiff's response,[1] and, having reviewed the live pleadings, the Court finds that the facts before the Court state no justiciable claim. Although Plaintiff has attempted to frame his claims in a different light, arguing that "Plaintiff's note was securitized," courts in this Circuit have consistently rejected challenges like Plaintiff's to parties' rights to foreclose. *Martins v. BAC Home Loans Serv., L.P.*, 722 F. 3d 249, 255 (5th Cir. 2013) ("The split-the-note' theory is therefore inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned."); *Casterline v. OneWest Bank, F.S.B.*, 537 Fed. Appx. 314, 317 (5th Cir. 2013) ("MERS had the authority to transfer the Security Instrument together with the power to foreclose to another party, including OneWest.")*; Wigginton v. Bank of New York Mellon*, 488 Fed. Appx. 868, 870 (5th Cir. 2012) (affirming dismissal of breach of contract and other claims that Texas law rejects split-the-note theory).

Plaintiff's argument that "Defendant has no rights to invoke the power of sale" because Defendant "has no demonstrable rights in the note," *see* Dkt. 14 at ¶¶2 & 6, lack merit. "[F]oreclosure statutes simply do not require possession or production of the original note."

---

[1] The Court notes that Plaintiff's response asserts as an alternative relief the right to amend his pleadings. *See* Dkt. 14 at 10. Plaintiff's response was filed on September 12, 2013. The deadline to amend pleadings without leave of Court did not fall until November 26, 2013. *See* Dkt. 13 at ¶2. Therefore, no request for leave to amend was required as is clearly set forth in the scheduling order. *See id.* ("A motion for leave to amend is not necessary."). No amendment having been made by Plaintiff prior to the deadline (or since the deadline for that matter), the motion to dismiss is ripe for resolution.

*Martins*, 722 F. 3d at 253. *See also Casterline*, 537 Fed. Appx. at 318 ("Texas law did not require OneWest to present the original Note to foreclose on Casterline's property."); *Hall v. BAC Home Loans Serv., L.P.*, 2013 WL 5515144, 3 (5th Cir. 2013) (the plaintiff's "characterization of Texas law is incorrect—it simply was not necessary for BAC to possess the note to foreclose."); *Epstein v. U.S. Bank Nat. Ass'n*, 2013 WL 5340766, 3 (5th Cir. 2013).

As one court explains:

> Texas law differentiates between enforcement of a promissory note and foreclosure. Foreclosure enforces the deed of trust, not the underlying note. It is an independent action against the collateral and may be conducted without judicial supervision. Enforcement of the promissory note, on the other hand, is a personal action against the signatory and requires a judicial proceeding.

*Wells v. BAC Home Loans Serv., L.P.*, 2011 WL 2163987, 2 (W.D. Tex. 2011) (citing *Slaughter v. Qualls,* 139 Tex. 340, 346, 162 S.W.2d 671, 675 (1942). *See also Aguero v. Ramirez,* 70 S.W.3d 372, 375 (Tex. App. – Corpus Christi 2002, pet. denied). TEX. PROP. CODE ANN. § 51.002 (West Supp.2007); *Tierra Sol Joint Venture v. City of El Paso,* 311 S.W.3d 492, 499 (Tex. App. – El Paso 2009, pet. denied); Tex. Bus. & Com. Code § 3.401(a); *TrueStar Petroleum Corp. v. Eagle Oil & Gas Corp.,* 323 S.W.3d 316, 319 (Tex. App. – Dallas 2010, no pet.)). In Texas, "[a] trustee has no power to sell the debtor's property, except such as may be found in the deed of trust." *University Sav. Ass'n v. Springwoods Shopping Center,* 644 S.W.2d 705, 706 (Tex. 1982).

Plaintiff has not challenged the validity of the Deed of Trust. Here, the Deed of Trust named MERS as the beneficiary and as nominee for the lender and lender's successors and assigns. *See* Dkt. 4-1. The July 6, 2011 Assignment of Deed of Trust assigns MERS's rights in the Deed of Trust to Wells Fargo. *See* Dkt. 4-2.

The assignment of the Deed of Trust is enough to grant Defendant authority to proceed with foreclosure.[2] "Under Texas law, a non-judicial foreclosure may be initiated by the current mortgagee including: the grantee, beneficiary, owner, or holder of a security instrument; a book entry system; or the last person to whom the security interest has been assigned of record." *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) (citing TEX. PROP. CODE § 51.0001(4)) (internal quotations omitted) (finding Deutsche Bank had authority to foreclose as mortgagee where the deeds of trust named MERS the beneficiary of Cornerstone and MERS later assigned the deeds of trust to Deutsche Bank). No note is required. As the Fifth Circuit has noted, "[n]umerous federal district courts have addressed [the] question, and each one to analyze Texas law has concluded that Texas recognizes assignment of mortgages through MERS and its equivalents as valid and enforceable without production of the original, signed note." *Martins*, 722 F.3d at 253. *See, e.g., Richardson v. CitiMortgage, Inc.*, 2010 WL 4818556, at *5 (E.D. Tex. 2010) (rejecting the plaintiff's attack on MERS, and noting that "[u]nder Texas law, where a deed of trust, as here, expressly provides for MERS to have the power of sale, then MERS has the power of sale") (*citing Athey v. MERS,* 314 S.W.3d 161, 166 (Tex. App.– Eastland 2010)); *Allen v. Chase Home Finance, LLC*, 2011 WL 2683192, at *3-4 (E.D. Tex. 2011); *Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *1-2 (E.D. Tex. 2011); *see also Santarose v. Aurora Bank FSB,* 2010 WL 2232819, at *5 (S.D. Tex. 2010) (rejecting the argument that MERS lacked standing to foreclose and was not a real party in

---

[2]As to his standing here, Plaintiff does not appear to challenge the validity of the assignment; thus, that argument of Defendant's has little bearing on the Court's analysis. *Cf. Reinagel v. Deutsche Bank Nat. Trust Co.,* 735 F.3d 220, 228 (5th Cir. 2013) ("facially valid assignments cannot be challenged for want of authority except by the defrauded assignor.").

interest); *Wiggington v. Bank of New York Mellon*, 2011 WL 2669071, at *3 (N.D. Tex. 2011). "Because the deed of trust specifically provided that MERS would have the power of sale, MERS had the power of sale that was passed to [Defendant] upon MERS's assignment." *DeFranchesci v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *4 (N.D. Tex. Aug. 31, 2011) (quoting *Richardson*, 2010 WL 4818556, at *5). *See also Adams v. Bank of America, N.A.*, 2011 WL 5080217, at *4 (E.D. Tex. 2011); *McAllister v. BAC Home Loans Serv., LP*, 2011 WL 2200672, *5 (E.D. Tex. 2011); *Eskridge v. Fed. Hom Loan Mortg. Corp.*, 2011 WL 2163989 (W.D. Tex. 2011) *Schieroni v. Deutsche Bank Nat'l Trust Co.*, 2011 WL 3652194 (S.D. Tex. 2011).

In short, the documents before the Court set forth Defendant's authority to enforce the Deed of Trust. No claim has been stated. *See Wiley v. Deutsche Bank Nat. Trust Co.*, 2013 WL 4779686, 2 -3 (5th Cir. 2013) ("In this case, the deed of trust unquestionably names MERS as its beneficiary; MERS transferred the deed of trust to Deutsche Bank and recorded that transfer. The Wileys' claim that a transferee in Deutsche Bank's position does not have the power to foreclose is incorrect as a matter of Texas law."); *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, 2013 WL 2422778, 2 (5th Cir. 2013) (finding that no quiet title claim had been stated where the plaintiff did not challenge the validity of the Deed of Trust or suggest its interest was superior to the Deed of Trust but merely questioned the validity of the assignment of the Deed of Trust by MERS); *Turner v. AmericaHomeKey Inc.*, 514 Fed. Appx. 513, 516-517 (5th Cir. 2013) (affirming dismissal of quiet title action where record contained documentation of transfer of deed of trust to MERS and plaintiff failed to state any facts regarding strength of his title to the property).

Because Plaintiff has failed to state any facts entitling him to any relief as to his challenge of Defendant's authority to foreclose, he is not entitled to a declaratory judgment. *California Prods., Inc. v. Puretex Lemon Juice, Inc.*, 160 Tex. 586, 334 S.W.2d 780, 781 (Tex. 1960) ("there must be a justiciable controversy between the parties before a declaratory judgment action will lie."). No facts are stated that would show that Defendants could not act under the Deed of Trust to foreclose, and the documents before the Court show the assignment of interests as to the Property. *Martins*, 722 F.3d 252 ("There is no doubt that the mortgage was transferred by MERS to BAC, which presented a signed, notarized assignment document that had also been recorded by the county clerk."). Further, no facts are alleged in Plaintiff's complaint that Plaintiff was not in default on his home loan such that foreclosure would not be warranted. Because no there is no likelihood of success on the merits of his claim, his requests for injunctive relief also fail.

## RECOMMENDATION

Therefore, the Court recommends that Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. 8) should be GRANTED and that Plaintiff's claims here should be dismissed with prejudice for failure to state a claim.

***The deadlines set forth in the Court's September 10, 2013 Scheduling Order (Dkt. 13) are hereby ABATED pending the District Judge's consideration of this report and recommendation. Should the matter not be dismissed, the parties are directed to file an amended agreed proposed scheduling order within ten (10) days of the District Judge's disposition of the motion to dismiss.***

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28

U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 14th day of February, 2014.**

                                                  DON D. BUSH
                                                  UNITED STATES MAGISTRATE JUDGE